UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH W. FINFROCK,

        Plaintiff,

vs.                               Case No. 2:07-cv-246-FtM-29SPC

CHARLIE CRIST; ROBERT A. BUTTERWORTH; JANIS F. HEFFRON; CAROLYN STIMEL; SUZUNNE KLINE; TEION WELLS HARRISON; LYNNE WESTBY; JOHN DOE; GREGORY DECLUE; ERIC IMHOF; MS. SUMLER; JOHN TANNER; SEAN DALY; PHIL HAVENS; JAMES GAMBERT; JOHN SELDEN; and GEO GROUP, INC.,

        Defendants.
_____

**ORDER OF DISMISSAL**

I.

This matter comes before the Court upon review of Plaintiff's Fourth Amended Civil Rights Complaint (Doc. #31, Complaint), filed pursuant to 42 U.S.C. § 1983 on March 13, 2008. Plaintiff, who is proceeding *pro se*, is civilly detained at the Florida Civil Commitment Center ("FCCC").

In summary, the Complaint alleges that Plaintiff's federal rights have been violated because of his civil detainment at the FCCC pursuant to the Involuntarily Civil Commitment of Sexually Violent Predators Act (hereinafter "Jimmy Ryce Act"), Florida Statute § 394.910-.932. Complaint at 4-5.[1] Plaintiff states that

---

[1]Plaintiff contends that "his right to [d]ue [p]rocess of [l]aw and [e]qual [p]rotection and double jeopardy [sic] as well as being
(continued...)

on February 1, 2007, his criminal sentence expired, but instead of being released from Moore Haven Correctional Institution, he was placed in a holding cell and then transported to the Seventh Judicial Circuit Court for a hearing pursuant to the Jimmy Ryce Act. Id. Plaintiff argues that the Jimmy Ryce Act does not apply to him because he "was not in custody when the Act became effective 1-1-99, nor did he commit a qualifying sexually violent offense after." Id. Plaintiff contends that "[t]his whole 'Act' is a denial of [d]ue [p]rocess of law and [e]qual [p]rotection of law, against cruel and unusual punishment and double jeopardy." Id. at 7.

Further, his federal rights have been violated because Plaintiff contends that the psychologists or psychiatrists from the Department of Children and Families who interviewed him, "based their opinions on his past records that are all over 16, 20, 30 years old!" Id. at 6. Plaintiff argues that these evaluations "were not even [c]ourt ordered . . . [and] should not be used against him!" Id. at 7. Finally, Plaintiff argues that his rights were violated when the State moved the court for a continuance and his attorney did not object to the continuance at his probably cause hearing. Id. at 8. As relief, Plaintiff requests a preliminary injunction prohibiting the Defendants from retaliating

---

[1](...continued)
subjected to cruel and unusual punishment under the 14th Amendment, to cause him to suffer twice for a crime he completed the term of punishment for in the State Of Indiana [sic]." Complaint at 4.

against him for filing this action and monetary damages for "pain and mental anguish" in the amount of 150,000,000.00. Id. at 10.

II.

Despite Plaintiff's non-prisoner status,[2] before the Court directs the United States Marshal to serve the Complaint on Defendants, the Court is required to review Plaintiff's Complaint to determine whether the complaint is frivolous, malicious or fails to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In essence, § 1915(e)(2) is a screening process, to be applied *sua sponte* and at any time during the proceedings. The Court, nonetheless, must read Plaintiff's *pro se* allegations in a liberal fashion. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)

A complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Rather, the test for granting a § 1915 dismissal is whether the claim lacks arguable merit either in law or fact. Id. at 325; Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309

---

[2]The Court recognizes that certain portions of the Prison Litigation Reform Act are not applicable to Plaintiff as a civil detainee. Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002). The United States Court of Appeals for the Eleventh Circuit previously found that a district court did not err by dismissing a complaint filed by a civil detainee for failure to state a claim under the *in forma pauperis* statute, 28 U.S.C. Section 1915 (e)(2)(B). Id. at 1260. Other Courts have also found that section 1915(e)(2)(B) is not limited to prisoners, but applies to all persons proceeding *in forma pauperis*. See Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001).

(11th Cir. 2002); <u>Bilal v. Driver</u>, 251 F.3d 1346 (11th Cir. 2001). Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," <u>Nietzke</u>, 490 U.S. at 327; when the claims rely on factual allegations which are "clearly baseless" <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has little or no chance of success. <u>Bilal</u>, 251 F.3d at 1349.

### III.

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that: (1) Defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11th Cir. 1998); <u>U.S. Steel, LLC v. Tieco, Inc.</u>, 261 F.3d 1275, 1288 (11th Cir. 2001).

The Supreme Court has soundly rejected the possibility of *respondeat superior* as a basis of liability in § 1983 actions. <u>Monell v. Dept. of Soc. Serv.</u>, 436 U.S. 659, 690-692 (1978). Instead, supervisory liability can be imposed under § 1983 "either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." <u>Brown v. Crawford</u>, 906 F.2d 667, 671

-4-

(11th Cir. 1990). Absent personal participation by a defendant, a plaintiff must show an affirmative causal connection between the defendant's acts and the alleged constitutional deprivation. Harris v. Ostrout, 65 F.3d 912, 917 (11th Cir. 1995). The causal connection can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so [,]" or when a custom or policy of the supervisor results in deliberate indifference to constitutional rights. Cottone, 326 F.3d at 1360 (quoting Gonzalez v. Reno, 325 F.3d 1228, 1234 (11th Cir. 2003)). "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Brown, 906 F.2d at 671. Alternatively, facts supporting an inference that the supervisor directed the subordinates to act unlawfully or knew that they would do so and failed to stop them establishes a causal connection. Cottone, 326 F.3d at 1360 (quoting Gonzalez, 325 F.3d at 1234) (remaining citations omitted)

Here, Plaintiff's Fourth Amended Complaint is fatally flawed and must be dismissed under § 1915. First, Plaintiff sues sixteen Defendants, including, *inter alia*, public defenders and state prosecutors. Complaint at 1. Plaintiff names as Defendants his public defenders, John Selden and James Gambert. Id. at 4. It appears Plaintiff attributes liability on these individuals in relation to their role in representing detainees during the Jimmy

Ryce hearings. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). Thus, public defenders are not subject to suit under 42 U.S.C. § 1983.

Plaintiff also names as Defendants assistant state attorneys John Tanner, Sean Daly, and Phil Havens. Complaint at 4. Similar to the public defenders he sues, it appears Plaintiff attributes liability to these prosecutors for their role in enforcing the Jimmy Ryce Act. These prosecutors, however, are entitled to immunity from this lawsuit under prosecutorial immunity. In determining whether prosecutorial immunity applies, courts look to "'the nature of the function performed, not the identity of the actor who performed it.'" Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004) (quoting Forrester v. White, 484 U.S. 219, 229 (1988)). "A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." Rivera, 359 F.3d at 1353 (citing Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)). Absolute immunity extends to a prosecutor's acts performed "in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999) (citations omitted). The prosecutors Plaintiff names as Defendants in this action are clearly entitled to absolute prosecutorial

immunity. See Smith v. Shorstein, 217 Fed. Appx. 877 (11th Cir. 2007).

With regard to the remaining Defendants, the Complaint fails to state a claim. The Complaint fails to establish personal participation or a causal connection in the alleged violation between the Defendants GEO, Group, Inc.; Charlie Crist; Robert Butterworth; and the John Doe Defendants of the "Florida Legislation." See Complaint at 1, 4. Plaintiff's argument that the Act does not apply to him because he was not in custody when the Act became effective is without merit. "To be committed under the Jimmy Ryce Act, an individual must be lawfully incarcerated at the time commitment is sought, and meet the two-prong definition of a sexually violent predator." Smith v. Shortstein, 217 Fed. Appx. 877 (quoting Hadi v. Liberty Behavioral Health Corp., 927 So. 2d 34, 39 (Fla. Dist. Ct. App. 2006)). It is clear that Plaintiff was incarcerated at the time his commitment was sought. Plaintiff's argument that the Act violates the Double Jeopardy Clause is also unsound. The Jimmy Ryce Act is not subject to double jeopardy prohibitions because the act is civil in nature, not punitive in nature. Seling v. Young, 531 U.S. 250, 261-262 (2001); Kansas v. Hendricks, 521 U.S. 346, 356-68 (1997); Westerheide v. State, 831 So. 2d 93 (Fla. 2002).

With regard to his Jimmy Ryce court proceedings, Plaintiff contests the psychological exams, arguing that they were not court ordered evaluations. Complaint at 7. Plaintiff contends that the

psychologists who provided his psychological evaluation including, James Heffron, Suzzune Kline, Tieon Wells Harrison, Carolyn Stimel, Lynne Westby, Gregory DeClue, and Eric Imhof, provided "unsound medical opinions." Id. Plaintiff also argues that his defense counsel violated his federal rights by not objecting when the State sought a continuance at his February 14, 2007 hearing. Id. at 8.

Civil commitment under the Jimmy Ryce Act involves several steps. First, the Act requires a mental evaluation of any person who has committed a sexually violent offense and is scheduled for release from prison or involuntary confinement. See generally Fla. Stat. § 394.913. The evaluation is conducted by a multi-disciplinary team of mental health professionals who must determine whether the individual meets the definition of a "sexually violent predator." After the evaluation, the state attorney may file a petition with the circuit court alleging that the individual is a sexually violent predator subject to civil commitment under the Act. Id. If the judge determines that probable cause exists that the individual is a sexually violent predator, then the judge will order the individual to remain in custody. Id. § 394.915. Thereafter, a jury trial, or a bench trial if neither party requests a jury trial, will commence. Id. If the jury finds that the individual is a sexually violent predator by clear and convincing evidence, then the individual will be committed to the custody of the Department of Children and Family Services for "control, care, and treatment until such time as the person's mental abnormality or

personality disorder has so changed that it is safe for the person to be at large." Id. § 394.917.

Here, according to the Complaint, it is unclear whether Plaintiff has had his civil commitment trial. To the extent Plaintiff argues that his due process rights have been violated during the Jimmy Ryce proceedings, i.e., unreliable mental evaluations and defense counsel not objecting to State's continuance, these matters should be raised during the state proceedings. Further, these grounds appear to attack the fact of Plaintiff's confinement and should be raised in a habeas corpus action, after Plaintiff exhausts his state court remedies.[3] See Duncan v. Walker, 533 U.S. 167 (2001)(explaining that "federal habeas corpus review may be available to challenge the legality of a state court order of civil commitment."); Preiser v. Rodriquez, 411 U.S. 475 (1973) (stating "congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983.").

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Complaint is **dismissed without prejudice** pursuant to § 1915(e)(2)(ii).

---

[3] If Plaintiff believes a State judgment is invalid, he may appeal to the state appellate court. See Marshall v. State, 915 So. 2d 264, 265 (Fla. 4th DCA 2005); 394.917(1); Fla. Rule. App. P. 9.030(b)(1)(A).

2.  The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __23rd__ day of October, 2008.

                                       JOHN E. STEELE
                                       United States District Judge

SA: alj
Copies: All Parties of Record